*422 OPINION of the Court, by
Judge Owsley.
This is an action of trespass, brought by the present plaintiff in the court below, and in which he declared against the defendants for entering his close, breaking and entering the door of his mill-house, and seizing and dragging him out of the mill-house, and beating and wounding him so that his life was greatly despaired of, and other wrongs, &c. then and there did, &c.
On the trial in the court below, after the plaintiff had gone through his evidence,' and having failed to prove any thing against two of the defendants, and the other defendants desiring to use them as witnesses, the court, upon motion for that purpose, directed the jury to retire and find as to those defendants ; and the jury having accordingly found them not guilty, they were used as evidence for the other defendants.
Agreeably to the ftridt rule ot practice the perional injury ought to be laid in a fepaiate count ; but it is only form, and the objec. tion will not prevent a re* covery on the
These proceedings, we are of opinion, were strictly regular. By making those persons against whom no evidence was produced defendants, the other defendants ought not to be deprived of their testimony ; but as they could not be examined until acquitted, it was proper to order the jury to retire and find as to them before the cause, was disposed of as to the others.
In the progress of the trial the defendants introduced evidence conducing to prove that the defendant Chandler, at the time of the commission of the trespass in the declaration, was entitled, as tenant in common with the plaintiff, to one moiety of the mill; and that he and the other defendants under his command entered the mill under his title and expelled the, plaintiff therefrom. And after the, evidence on both sides was gone through, on the motion pi' the defendants, the, court instructed the jury that if they were of opinion that Chandler as tenant in common was entitled to the possession of the mill, that an action for the forcible entry of the mill could not be maintained against him, ami that if the other defendants acted under-his command, if he could not be made liable they were also excusable ; and that as to the personal injury charged in the, declaration, thecourtmore-over instructed the jury that the plaintiff could not recover if they were of opinion the defendant Chandler, as tenant in common, was entitled to the possession.
If Chandler manifested on the trial an interest in the mill as tenant in common, that interest most clearly gave him a legal right of entry ; and consequently for the entry no action can be maintained against him : and if the other defendants entered under his command, their acts must partake of the same nature as his, and equally excusable with his. So far, therefore, as respects the plaintiff’s right of recovery for- the entry of the defendants, the instructions of the court were correct.
But with respect to the other- branch of the instructions, we are of opinion the court erred. The personal injury charged in the declaration, is not, as seems to hav e been supposed by that court, a mere appendage to the plaintiff’s right of action for the entry on tire mill, but of itself forms a perfect substantive cause of action; and although the defendants may have been justified in making the entry, that could not excuse the injury to' the person.
*424 Tf ⅛ true, according to strict practice the pergonal “"jufy ought regularly to have been laid ⅛»-⅜separate count; but the joining it ip the, same count v&íli' the other charge,, is but matter of form, and cannot prevent the plaintiff from a recovery upon a trial of the merits.Because, therefore, the court erred in their instructions in relation to the personal injury charged, the judgment must be reversed with costs, and the cause remanded and a new trial had as to those defendants in favor of whom a verdict was last found, hut as to the other defendants judgment should be entered on the verdict in their favor.