HARRIS, Administratrix, v. M'FADDIN.

The warrant of a justice of the peace, issued under the statute of 1824, command-
ing the constable to distrain for rent,—is a justification to the officer in an action of
replevin by the tenant, independently of the landlord's claim.

If the constable justify under his warrant, and obtain judgment on a demurrer to his
plea, he is entitled to a return of the goods.

If the tenant wish to contest the landlord's right to distrain,—to rely, for example, on
*non tenuit* or *riens in arrear*,—he should institute his suit against the landlord.

The defendant, on a demurrer to his plea, obtained a judgment, without having joined
in demurrer: *Held*, that the plaintiff could not assign the want of the joinder for
error.

*Saturday,*
*May 12.*

APPEAL from the *Vigo* Circuit Court.—This was an ac-
tion of replevin by *Harris*, administratrix, against *M'Faddin*.
The declaration is in the usual form. The defendant pleaded
specially, that he took the goods by virtue of a distress war-
rant, directed to him as a constable of the township, issued by
a justice of the peace, commanding him to distrain the goods
of the plaintiff for one year's rent due to *Modisett*, the plain-
tiff's landlord. The warrant is set out in the plea. General
demurrer to the plea, and judgment for the defendant, not on-
ly of *nil capiat per breve*, but also for a return of the goods.

BLACKFORD, J.—In this case, if the defendant be viewed as
a bailiff making cognizance, the plea is defective for not aver-
ring the right of the landlord. We conceive, however, that
this plea is to be tested by a different principle from that which
governs a cognizance. The statute of 1824, p. 160, has chang-
ed the practice. The landlord cannot in person, or by his
bailiff, take the goods. He must go before a justice of the
peace of the township, and, on complaint under oath, obtain
a warrant commanding the constable, to whom it is directed,
to make the distress. This warrant, issued by a competent
authority, is obligatory on the officer, and must be a justifica-
tion to him independently of the landlord's claim. *Roberts et
al.* v. *Tennell*, 4 Littell's R. 286. The judgment of the Circuit
Court, therefore, upon the demurrer, that the plaintiff take no-
thing by his writ, was correct.

We are also of opinion, that no objection can be made to
the award of a return of the goods. The plea shows that the

original taking by the defendant was lawful, and nothing appears of record inconsistent with the continuance of his right to the possession.

If the plaintiff wished to contest the right of the landlord to distrain,—to rely, for example, on *non tenuit*, or *riens in arrear*,—he should have instituted his suit against the landlord. It is against him or his bailiff, not against the officer of the law, that in cases of distress for rent, the person distrained on, when he replevies, gives bond for the due prosecution of his suit.

The want of a joinder in demurrer is assigned for error. There is nothing in this objection. The plaintiff had a right to rule the defendant to join, or to add the joinder himself, and cannot now for the first time object to the omission.

*Per Curiam.*—The judgment is affirmed with costs.

*Judah,* for the appellant.