WRIGHT *v.* MATHEWS and Another.

If a witness be objected to as interested, and his interest be proved by other witnesses, the party calling the witness has no right to examine him on his *voire dire;* that right belonging alone to the party who makes the objection.

If an action of replevin be brought for taking several articles, and, on an issue as to the plaintiff's property in them, he only prove himself entitled to a part,—the defendant has a right to a return of the others and to damages for the taking of them. In such case each party succeeds, and each is entitled to his costs.

An avowry for rent due need not show that a warrant, founded on oath, had been taken out before making the distress; nor that the goods distrained belonged to the tenant; nor need it set out the particulars of the landlord's title.

ERROR to the *Wayne* Circuit Court.

BLACKFORD, J.—*William* and *Jonathan Mathews* brought an action of replevin against *William Wright.* The declaration states, that, in a certain house in the town of *Milton,* county of *Wayne,* the defendant forcibly took and unlawfully detained from the plaintiffs 17 planes, 3 hand-saws, 2 tenon-saws, 8 paring chisels, 6 mortising chisels, 1 bureau, and a variety of other articles particularly described in the declaration, alleged by the plaintiffs to be their joint property.

The defendant avowed the taking as a distress for rent. The avowry is as follows: And the said *William Wright* comes and defends the wrong and injury, when, &c., and well avows the taking of the said goods and chattels in the said declaration mentioned, in the said house in which, &c., and justly, &c., because he says that one *Nathaniel Peak* for a long time, to wit, for the space of one year next before and ending on the first day of *June,* 1827, and from thence until and at the said time when, &c., held and enjoyed the said house in which, &c., with the appurtenances, as tenant thereof to the said *William Wright,* by virtue of a certain demise thereof to him the said *Nathaniel Peak* theretofore made, at and under a certain yearly rent, to wit, the yearly rent of 18 dollars, payable at the expiration of the year; and because the said sum of 18 dollars, the rent aforesaid for the space of one year, ending as aforesaid on the said first day of *June,* 1827, and from thence until and at the said time when, &c., was due and in arrear from the said *Nathaniel Peak* to the said *William Wright;* he the said defen-

dant well avows the taking of the said goods and chattels in the said house, in which, &c. as for and in the name of a distress for the said rent so due and in arrear to the said *William Wright* as aforesaid, and which still remains due and unpaid. And this he is ready to verify; wherefore he prays judgment and a return of the said goods and chattels to be adjudged to him, &c. The defendant also pleaded, 1st, property in himself; 2dly, property in *Nathaniel Peak.* The plaintiffs demurred generally to the avowry; and replied to the pleas, property in themselves.

On the demurrer to the avowry, the Court rendered judgment in favour of the plaintiffs. At the trial of the issues joined on the pleas, a witness of the defendant was objected to as being interested. The plaintiffs proved the incompetency, by other witnesses, to the satisfaction of the Court. After which, the defendant offered to swear the witness on his *voire dire*, for the purpose of showing that he was not interested. The plaintiffs objected to this, and the Court sustained the objection. When the testimony was closed, the Court instructed the jury, that if the plaintiffs had supported their case as to any one article of property specified in the declaration, although they had failed as to all the residue, they were entitled to a verdict for so much. The verdict was as follows: "We the jury have agreed, and find for the plaintiffs, and assess their damages at 5 dollars." Judgment was accordingly rendered for the damages so found, together with the costs of suit.

*Wright* is the plaintiff in error, and assigns the following reasons for a reversal of the judgment against him: 1st, that the witness should have been sworn on his *voire dire;* 2dly, that the instructions to the jury were incorrect; 3dly, that the demurrer to the avowry should not have been sustained.

There is nothing in the first objection. A witness can never be examined on the *voire dire* as to his interest, unless called on by the party objecting to him. This point is expressly decided in *Vincent* v. *Lessee of Huff*, 4 Serg. & R. 298.

As to the second objection, the instructions of the Court ought not, certainly, to have stopped where they did. The defendant in replevin is an actor. He is entitled to a return of all the goods which the plaintiff does not prove himself authorised to retain. When the Court, therefore, informed the

jury, that the plaintiffs were entitled to a verdict as to the part proved, though they had supported their case only as to a single one of the articles mentioned in the declaration, they ought to have gone further and informed the jury also, that, as to the residue of the articles, it was their duty to find for the defendant. The issues in fact were upon the plaintiffs' property in the goods. Their proof of property in a part, entitled them to damages on account of the unlawful taking of that part. Their failure of proof as to the residue, entitled the defendant to a return thereof, and also to damages on account of this part of the goods having been improperly taken on the writ. In such a case each party succeeds, and, under the statute giving costs to the successful party, each is entitled to his costs. *Powell* v. *Hinsdale*, 5 Mass. 343. The instructions of the Court must be presumed to have been applicable to the case; and it is easy to conceive, that they may have misled the jury by inducing them to confine their verdict to the benefit of the plaintiffs, instead of extending it also to the benefit of the defendant.

The third error assigned is, that the demurrer to the avowry was improperly sustained. The first objection made by the defendants in error to the avowry, is, that it does not show that a warrant, founded upon oath, was taken out by the landlord before making the distress. It is true, that the statute of 1824 requires an oath and warrant previously to the distress; but we do not think that this circumstance need change the established form of the avowry. Before the statute of frauds, the verbal promise of an executor was obligatory; this law was altered by that statute, and it became necessary for the promise to be in writing. The form of the declaration, however, continued as it was previously to the statute. So, in the present case, these statutable requisitions to the validity of a distress, like that of writing to the validity of an executor's promise, may be considered as matters of evidence, and not of pleading. Another objection of the defendants in error to the avowry is, that it does not negative their averment of property in the goods. There is nothing in this objection. The goods were found on the premises of the tenant, and were consequently subject, *prima facie*, to be distrained by the landlord for rent arrear, without regard to whom they belonged. Brad-

by on Distress, 106. If these goods were within any of the rules of exemption prescribed by the law, the plaintiffs below were bound to show that circumstance by a plea to the avowry. That was the course pursued in *Francis* v. *Wyatt*, 3 Burr. 1498. Had the avowant averred, as it is contended he should have done, that the goods distrained were the property of the tenant, the avowry would have been without a precedent in the history of the action of replevin.

The plaintiff in error, however, is mistaken when he supposes this avowry to be good at common law. It cannot be supported under that law, because the title of the landlord to the premises, on which the distress was made, is not set out in the avowry. 2 Will. Saund. 284. It would not be good in *New-York* in consequence of that defect. *Harrison* v. *M'Intosh*, 1 Johns. R. 380, 384. But in *England*, now, by the statute of 11 Geo. 2., the landlord is excused from setting forth his title further than is done in this avowry. 2 Will. Saund. 284. We have a statute similar to that of Geo. 2., which authorises the same mode of proceeding, R. C. 1824, p. 163; and it is this statute of ours, and not the common law, which authorises the avowant to omit the particulars of his title.

It has now been shown, that the avowry, in this case, cannot be objected to for not averring the previous issuing of a warrant, founded on the landlord's oath, because that is a matter of evidence, not of pleading; nor for not averring the goods to be the tenant's property, because no law requires such an averment; nor is it defective on account of the landlord's title to the premises not being specially stated, because the statute has dispensed with that formality. The consequence is, the demurrer to the avowry should have been overruled.

It will be recollected that it appears by this record, that there were two issues in fact and one in law, all of which were determined in favour of the plaintiffs below. The verdict cannot be sustained, because the instructions to the jury were incorrect; and the judgment on demurrer is erroneous, because the avowry is good.

*Per Curiam.*—The judgment is reversed, and the proceedings on the issues are set aside, with costs. Cause remanded, &c.

*Smith*, for the plaintiff.
*Rariden*, for the defendants.