Nov. Term, 1836.

RUCKER v. M'NEELY.

---

RUCKER, an Infant, v. M'NEELY.

An infant may sue by guardian.

In a declaration in trespass *quare clausum fregit*, the name of the county was in the margin, and the close was described as situated in that county. *Held*, that the venue was well laid.

If a person cut down another's trees, the trespasses if repeated may be laid in the declaration to have been committed on different days and times, though they cannot be laid with a *continuando*.

The declaration in trespass *quare clausum fregit* charged the defendant with breaking the plaintiff's close, and then and there cutting down certain trees, &c. *Held*, that the breaking the close was the gist of the action, and the cutting down the trees only matter of aggravation. *Held*, also, that it was no objection to the whole count, in such case, that the matter in aggravation. was not well laid.

ERROR to the *Shelby* Circuit Court.

Thursday, December 15.

BLACKFORD, J.—Trespass *quare clausum fregit*. Special demurrer to the declaration, and judgment for the defendant.

The declaration commences as follows:—*Shelby* county, ss. *Elzy Rucker*, by *Westley Rucker*, who is admitted by the Court here to prosecute for the plaintiff, who is an infant within the age of 21 years, as the *guardian* of the said plaintiff, complains, &c. It is stated as one of the causes of demurrer, that the plaintiff should have sued by *next friend* and not by guardian. In this, the defendant is mistaken. The institution of the suit by guardian is unobjectionable, and the form of the declaration in this particular is correct. 1 Th. Co. Litt. 137, note (29). 2 Saunders' Rep. 117 f. note (1).

It is also stated as a cause of demurrer, that in alleging the trespass complained of, there is no venue laid in the declaration. Here, however, the defendant is also mistaken. There is a venue in the margin of the declaration, for we there find

Nov. Term, 1836.

Rucker
v.
M'Neely.

the words *Shelby county, ss.*, with which words the declaration commences. The declaration afterwards alleges, that the defendant with force and arms entered the plaintiff's close, situated in the county of *Shelby* aforesaid, and there cut down the trees then and there growing. The venue thus laid is sufficient, even on special demurrer. *Duncan* v. *Passenger*, 8 Bingh. 355.—*Capp* v. *Gilman*, in this Court, *May* term, 1827.

Another cause of demurrer assigned is, that the trespass complained of is incorrectly laid with a *continuando*. This objection is not valid. The declaration avers that the defendant, on the 20th of *November*, 1835, and on divers days and times between that day and the commencement of the suit, with force and arms, entered the close, &c. This is not alleging the injury to have been committed by *continuation* from one specified day to another. It is an allegation that the defendant had committed several distinct acts of trespass at different times, within a specified period. *Blackstone* states the law on this subject as follows:—" Where the trespass is by one or several acts, each of which terminates in itself, and being once done cannot be done again, it cannot be laid with a *continuando; * yet if there be repeated acts of trespass committed, (as cutting down a certain number of trees,) they may be laid to be done, not *continually*, but at divers days and times within a given period." 3 Blacks. Comm. 212. In *Saunders'* Reports,—the authority cited by the defendant himself,—it is said that where a man cuts down another's trees, the trespasses, if repeated, may be laid to have been committed on different days and times, though they cannot be laid with a *continuando*. 1 Saund. Rep. 24, note (1).

The last cause of demurrer assigned is, that the trees alleged to have been cut down and carried away by the defendant, are not averred to be the plaintiff's property. The declaration charges, that the defendant, on, &c., with force and arms, entered a certain close of the plaintiff, situate, &c., and then and there felled, cut down, and destroyed, the trees then and there growing, &c., and took and carried them away, &c., and other wrongs to the plaintiff then and there did against the peace, and to the plaintiff's damage 500 dollars. This part of the declaration alleges the close said to have been broken, to belong to the plaintiff, but it does not allege the trees charged to have been cut down, to be the plaintiff's property. The de-

murrer is to the whole declaration; and the question for us to
decide is, whether the defect in the averment respecting the
trees, destroys the validity of the whole declaration?

This is an action of trespass *quare clausum fregit.* The gist
of the action is the breaking and entering the plaintiff's close;
and the declaration would have been good, had there been
nothing said in it respecting the cutting down and carrying
away the trees. The allegation respecting the trees is only as
to matter in aggravation of damages. This point is settled in
the following case:—*Chamberlain* sued *Greenfield* in trespass.
The declaration was for breaking and entering the plaintiff's
house, and damaging his goods there. Demurrer to the decla-
ration, because the goods were not sufficiently described. The
defendant relied on *Playter's* case, 5 Co. Rep. 35. The Court
overruled the demurrer, on the ground that the breaking and
entering the house was the foundation of the action, and the
rest only laid by way of aggravation. *Chamberlain* v. *Green-
field,* 3 Wils. Rep. 292.

It is a question of no consequence to the plaintiff's *right* to
recover, whether the matter in aggravation be well laid or
not. Such matter need not be proved by the plaintiff, nor
answered by the defendant. Lawes on Plead. 70. If the mat-
ter defectively stated by way of aggravation, would of itself
bear an action, the proof of it may be objected to in conse-
quence of the defective statement. 1 Chitt. Plead. 443. But
still, if the *gist* of the action—viz. the breaking and entering
the close—be proved, the plaintiff must recover something. It
can be no objection, therefore, to the whole declaration, that
the matter in aggravation is not well laid. If the fact of cut-
ting and carrying away the trees had been charged, as it might
have been, in a separate count from the one for breaking the
close, a demurrer to the whole declaration because the trees
were not alleged to be the plaintiff's, must have been overrul-
ed. The reason why the demurrer in such a case would be
overruled is, that the declaration would contain a good cause
of action, independently of the defective count. It follows of
course, that where, as in the present case, the defective state-
ment is in the same count, and is only of matter in aggrava-
tion of damages, the demurrer to the whole declaration merely
on account of such defective statement, cannot be sustained.

We are of opinion, for these reasons, that the judgment of

the Circuit Court sustaining the demurrer to the declaration is erroneous, and must be reversed.

*Per Curiam.*—The judgment is reversed with costs.    Cause remanded, &c.

*J. Ryman*, for the plaintiff.

*C. Fletcher* and *O. Butler*, for the defendant.