Spring  Term
**1839.**

## Jones *et al.* vs. Chiles.

TRESPASS.

[Mr. Turner for plaintiffs: Mr. Apperson for defendant.]

FROM THE CIRCUIT COURT FOR MONTGOMERY COUNTY.

Judge EWING delivered the Opinion of the Court.

*May 9.*

THE only question to be decided in this case is, can one tenant in common maintain trespass *quare clausum fregit* against his co-tenant?

A tenant in common can't maintain trespass *q. c. f.* against his co-tenant. Nor any action for a chattel, unless the deft. has destroyed it. But—

Though it is conceded that, one tenant in common may maintain ejectment against his co-tenant, in case of an *actual ouster,* and after a recovery of the possession, may maintain trespass for the *mesne profits,* it has been held that the latter action is an exception from the general rule, and in no other case can he maintain an action of trespass.  1 *Coke Lit.* 784–5, note *n. o.* and *p.* And this doctrine has been established by this Court.  4 *Bibb,* 422, *Wright* vs. *Chandler.*  The same rules hold with respect to chattels personal or real, held in common, (*Coke Lit. ibid.*) except when the thing held in common has been wholly destroyed by his companion. 1 *Coke,* 786, *note q.*

A tenant in common, upon an actual ouster by his co-tenant, may maintain eject. against him, and trespass for the *mesne* profits.

The Circuit Court therefore erred, in instructing the jury that the action would lie.

Judgment reversed, and cause remanded, that a new trial may be had.

*₊* This day, May 9th, the Court adjourned to the 3rd of June.