May Term, 1840.

GARRETT
v.
HEASTON.

---

GARRETT *v.* HEASTON.

Debt on a promissory note. Pleas, 1. As to part, &c., a failure of consideration in this, viz., that the note was given for the hire of a stallion for the season; that during the season he became sick, &c., and for one month of the time was wholly unable to perform the service for which he was hired, and was of no use whatever, though reasonable care of him was taken, &c. 2. Failure of consideration in general terms, without showing how the consideration had failed. 3. The same as the first, except that it was to the whole action. *Held*, that the pleas were bad.

APPEAL from the *Randolph* Circuit Court.

SULLIVAN, J.—Debt on a promissory note. The defendant pleaded, 1. That 59 dollars, part of the consideration of said note, had failed in this, to wit, that said note was given for and in consideration of the hire of a stallion for the season; that during the time for which he was hired, the stallion became sick, &c., and for one month of said time was wholly unable to perform the service for which he was let, and was of no use whatever, although the hirer took all reasonable care, &c.; 2. *Nil debet;* 3. Failure of consideration in general terms, without showing how the consideration had failed; 4. The same substantially as the first plea, except that it applies to the whole consideration of the note. The plaintiff demurred to the first, third, and fourth pleas, and the Court sustained the demurrers. The defendant then with-

*Friday,*
*June 19.*

May Term, drew the plea of *nil debet,* and final judgment was given for
1840.    the plaintiff.

GARRETT       The third plea is clearly defective in not setting out the
v.
HEASTON.   consideration for which the note was given, and showing
how the consideration had failed.   There can be no doubt,
but that the demurrer to that plea was correctly sustained.
With regard to the first and fourth, there may be some doubt.
The pleas contain no averment of fraud on the part of the
letter, nor is there any averment that he warranted the horse
to be sound at the time of the bailment, nor that he should
continue sound and fit for the use for which he was let dur-
ing the season.   It is contended, however, that the law
implies a warranty not only against defects which existed at
the time of the bailment, but against those that might after-
wards supervene.   This is the civil law, but we are not
aware that the principle has been introduced into the com-
mon law.   There are certainly some decisions which favour
a different conclusion.   Without especial reference, however,
to the cases that have come under our notice, we think that
in this case, the pleas referred to were correctly held to be
insufficient, because they do not aver a notice to the letter
of the insufficiency of the horse, and an offer to return him
within a reasonable time after the defect was discovered.
The horse may have been incompetent, during a part of the
season, to perform the service for which he was let, but if he
had been returned, he might have been useful to the owner
in other respects.   The defendant having retained possession
of the horse, and there being no imputation of fraud against
the plaintiff, we think the defence was not sufficient.   Story
on Bailm. 255, 262.

*Per Curiam.*—The judgment is affirmed, with 1 *per cent.*
damages and costs.

*J. Perry,* for the appellant.

*A. Kennedy,* for the appellee.