IN THE

## SUPREME COURT OF JUDICATURE

OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1841, IN THE TWENTY-FIFTH YEAR OF THE STATE.

---

## M. Harris v. Boggs.

Goods deposited with a tavernkeeper are not protected from distress for rent by the statute of 1838, unless the deposite be made by a guest at the tavern.

A plea to an action of replevin brought by *A. B.*, that by virtue of a distress warrant, &c. directed to the defendant, a constable, &c. against *C. D.* (setting out the substance of the warrant,) the defendant distrained the goods specified in the declaration on the demised premises for rent, &c., is good.

ERROR to the *Wayne* Circuit Court. Replevin. Pleas, *Monday, May 24.* 1. Property in one *W. Harris;* 2. Property in the defendant; 3. That by virtue of a distress warrant issued by *Oliver T. Jones,* a justice of the peace, &c., directed to the defendant, a constable, &c., against one *W. Harris,* (setting out the substance of the warrant,)—the defendant distrained the goods specified in the declaration on the demised premises for rent, &c. The defendant also made cognizance, to which there were several pleas, but it is unnecessary to set them out as no opinion respecting them was expressed by the

May Term, 1841.

HARRIS
v.
BOGGS.

Court. Replication to the third plea, that the plaintiff had, on, &c., purchased the goods in the declaration mentioned from *W. Harris*, for a valuable consideration, and had deposited them with said *Harris*, a tavernkeeper, in the due course of business, of which the defendant had notice. The replication was demurred to and the demurrer sustained. Final judgment for the defendant.

SULLIVAN, J.—The first error assigned is, that the demurrer to the replication to the defendant's third plea was improperly sustained. The 12th section of the act regulating distress for rent, R. S. 1838, p. 472, exempts from distress, amongst other things, property deposited with a tavernkeeper "in the usual course of business." Upon the construction of that statute depends the sufficiency of the replication. By a deposite with a tavernkeeper "in the usual course of business," we understand a deposite of goods with him, by a guest, for safe-keeping. In the course of an innkeeper's business, no other deposite of goods is usually, if ever, made with him. This being the plain import of the statute, the plaintiff, in her replication, should have brought the goods for which she sues within the exemption, by showing herself to have been a guest at the inn of *W. Harris.* The replication is defective for not doing so, and the demurrer to it was well sustained.

Objections were made to the plea, but we think without foundation. The plea shows a warrant issued by a justice of the peace of the proper township, directed to the defendant who was a constable of the township, commanding him to make the distress. This warrant was a sufficient justification to the officer. *Harris* v. *M'Faddin,* 2 Blackf. 71.

As the third plea presents a complete bar to the plaintiff's action, it is not necessary to examine the other pleadings in the cause.

*Per Curiam.*—The judgment is affirmed with costs.

*C. H. Test,* for the plaintiff.

*J. S. Newman,* for the defendant.