May Term, 1851.

APPLEGATE v. CRAWFORD.

---

APPLEGATE and Another *v.* CRAWFORD.

An avowry for rent due need not show that the goods distrained belonged to the tenant.

If the tenant wish to contest the landlord's right to distrain, he should institute his suit against the landlord.

If a constable justify under his warrant and obtain judgment on a demurrer to his plea, he is entitled to a return of the goods.

A general plea of failure of consideration is bad.

APPEAL from the Carroll Circuit Court.

PERKINS, J.—Replevin for a printing press. The suit was by *Graham* and *Applegate* against *Crawford.* The defendant avowed the taking of the goods as a constable by virtue of a distress warrant for rent, to him directed by a justice of the peace in favor of one *Bower,* the landlord, against *Horsely,* his tenant, and averred that the press was found upon the premises demised to *Horsely,* and was

Monday, June 2.

May Term,
1851.

APPLEGATE
v.
CRAWFORD.

his property. A second avowry was likewise made similar to the foregoing, except that it did not aver that the property belonged to *Horsely*, the tenant.

To these avowries the plaintiff in replevin pleaded:

1. That the property distrained and replevied was not, at the time, &c., the property of the tenant, *Horsely*.

2. That the rent named in said avowries did not accrue within six months after the expiration of the lease named therein; that the property mentioned in said avowries belonged, at the time and before the issuing and levy of said distress warrant, to said plaintiffs ; and that the same was not subject to distress for the payment of said rent.

3. That said *Horsely* did not owe said *Bower* any sum or sums of money for rent on account of the premises named in said avowries at the time said distress warrant was issued and levied upon the property of said plaintiffs.

A special demurrer to the second, and general demurrers to the first and third pleas were sustained. Judgment for the defendant in the replevin, and for a return of the property.

The first plea to the avowry was bad. The simple fact that the property distrained was not the property of the tenant distrained upon, did not exempt it from liability to distress. The property of other persons found upon the premises might, and would, *prima facie*, be so liable. The allegation in the avowry that the property was owned by *Horsely*, the tenant, was surplusage, and an issue upon it would have been immaterial. *Wright* v. *Matthews*, 2 Blackf. 187.—*Stephens* v. *Lodge*, 7 id. 594. The plea should have shown that this particular property fell within some of the exceptions contained in section 202, p. 827, of the R. S., to the common law of distress.

The third plea was bad. This suit against the officer alone who made the distress is not the one in which to try the question whether or not *Horsely* owed *Bower* rent. *Harris* v. *McFadden*, 2 Blackf. 71.

The second plea was bad, at all events, upon special demurrer. It was not, however, faulty for duplicity; the first and second clauses of it constituting no answer to

the avowries. It attempted, in the first clause, to set up a defence to them under section 196, p. 827, of the R. S. It did not meet the section. That enacts that within six months after the determination of any lease, &c., any person, &c., may distrain. It says nothing about rent accruing within six months of such determination, &c. The pleader misconceived the purport of the section. The second clause of the plea attempted a defence to the avowries on the ground that the property did not belong to the tenant. This simple fact, as we have seen, was no defence. The plea, therefore, not showing two substantial defences, was not double. Steph. Pl. 260. The third clause of the plea, viz., that the property was not subject to distress for payment of the rent in question, asserted a general conclusion, which, if supported by facts, would defeat the avowries; but this clause was objectionable on special demurrer, perhaps on general, for generality—for violating the rule in pleading requiring certainty or particularity in the issue. It should have set out the facts which made it appear that said property was not liable to distress for the rent, so that issue might have been taken upon the existence of some one of those facts. Steph. Pl. 279.—1 Chit. Pl. 540. A general plea of failure of consideration is bad. *Garrett* v. *Heaston*, 5 Blackf. 349.

The judgment for the return of the goods on the decision in favor of the avowant upon demurrer was right. *Harris* v. *McFadden, suprá.*

*Per Curiam.*—The judgment is affirmed with costs.

*D. Mace*, for the appellants.

*D. D. Pratt*, for the appellee.