ALANSON THAYER *vs.* JAMES SHERLOCK.

The plaintiff in an action of trespass averred, that, being in possession of certain premises, the defendant entered upon, took possession of, and ejected him therefrom, and still held the same by force, etc.; and also at the same time, took and converted to his own use certain personal property, specifying the kinds and value of the same particularly.   On the plea of general issue, there was a general verdict for plaintiff of $650.   *Held*, That the averment of the taking, etc., of the personal property, was not mere matter of aggravation of the eviction and detainer, but the averment of a distinct cause of action, and the verdict being general, the plaintiff was not entitled to judgment for three times the amount, as he would have been under Section 3, Chapter 111, of the Revised Statutes, had he declared for the entry and eviction only.

Case reserved from Wayne Circuit.

*S. A. & D. Goodwin*, for plaintiff.

*D. C. Holbrook*, for defendant.

By the Court, DOUGLASS, J.

The plaintiff, in his declaration, avers, that, being in the possession of the Metropolitan Theatre, the defendant, on the fourth day of July, 1854, forcibly entered the same, and ejected him therefrom, and from that time until the commencement of this suit, held and kept him out by force and with a strong hand ; and also, that the defendant, during the time aforesaid, to wit : on the day and year, and at the place aforesaid, took and carried away and converted to his own use, certain articles of personal property of the plaintiff on said premises, the kind, number, and value of which articles are particularly specified.

On plea of the general issue, the cause was tried by a jury, who found a general verdict in favor of the plaintiff for $650 damages.

The plaintiff now moves for judgment for three times the amount of the verdict.

This motion is founded upon Revised Statutes, Chapter 111, Section 3, which is in these words : "If any person shall be ejected or put out of any lands or tenements in a forcible or unlawful manner, or being put out, be afterwards holden and kept out by force, or with strong hand, he shall be entitled to maintain an action of trespass, and shall recover therein three times the amount of the damages assessed by the jury."

There is no ambiguity in the language of this statute. Its terms apply only to damages for a forcible eviction and detainer. The taking and conversion of personal property, though committed at the same time, and forming a part of the same transaction, is distinct and different in its nature from an eviction and detainer.

It is insisted that upon this record it is mere matter of aggravation of the eviction and detainer, which alone are the gist of the action. It was undoubtedly competent for the plaintiff to have alleged it as a matter of aggravation merely. For this purpose, a very general averment, viz.: that the defendant took and converted to his own use divers goods and chattels, without specifying their kind, number or value, or even that they were the property of the plaintiff, would have been sufficient. So framed, the averment would properly have been regarded as a mere matter of aggravation. It would not then have been traversable ; and if proved, the plaintiff would not have been entitled to a verdict for any damages whatever for this trespass, but only for the eviction and detainer, as a more or less aggravated character should have been given to it by this and other accompanying circumstances. (1 *Tidd's Pr.*, 441 ; *Newman* vs. *Smith*, 1 *Salk.*, 642; *Russell* vs. *Corne*, *Ib.*, 119; *Smalley* vs. *Kerfoot*, *Strange*, 1094; *Dix* vs. *Brooks*, *Ib.*, 61; *Chamberlin* vs. *Greenfield*, 3 *Wils*, 292 ; *Rucker* vs. *McNealy*, 4 *Blackf.*, 179.) But in this case the taking and conversion, although as

matter of aggravation it might have been described in more general terms, is averred with all the certainty and particularity which would have been necessary in a count upon that trespass alone.   So averred, we think the authorities sustain us in saying, that it is a part of the gravamen of the plaintiff's action; that it is traversable by the defendant, and, if proved, the plaintiff would be entitled to recover (as it was conceded on the argument he has recovered) the value of the property taken and converted, as well as damages for the eviction and detainer.   (*Curlewis* vs. *Laurie*, 12 *Ad. and El., N. S.*, 640 ; *Wright* vs. *Chandler*, 4 *Bibb*, 422 ; *Sampson* vs. *Henry*, 13 *Pick.*, 36 ; *and the passage from Hammond's Nisi Prius, there cited; Bishop* vs. *Baker*, 19 *Pick.*, 517; 2 *Ch. Plead.*, 865.)

The authorities principally relied upon by the plaintiff's counsel, do not seem to us to conflict with the views above expressed.   Chamberlain *vs.* Greenfield (*as reported in* 3 *Wils.*, 292), and Rucker *vs.* McNealy (4 *Blackf.*, 179), merely decide that where in trespass *quare clausum fregit*, other and distinct acts of trespass on the premises are averred without the certainty requisite if they were designed as a substantive ground of action, such averments will be regarded as. of mere matter of aggravation.   Brown *vs.* Manter (2 *Fost.*, 468), merely decides that, where in a like action, in addition to the breaking and entering, the plaintiff alleges a cutting and carrying away of timber, with the requisite certainty to make it one ground of the action, he will be entitled to recover for the breaking and entering, if proved, although he fails to prove the cutting and carrying away of the timber.   This is a mere affirmance of the principle, which is not denied, that torts are, generally speaking, divisible.   (1 *Ch. Plead.*, 392, 393.)   Evans *vs.* Prentice (8 *Cush.*, 337), was "trespass for breaking and entering the plaintiff's dwelling house, and taking and carrying therefrom and converting his goods."   The

language just quoted contains all that is stated as to the pleadings. The plaintiff having failed to prove the breaking and entering, it was held that he could not recover for the taking and conversion. This decision is, doubtless, supported by a considerable weight of authority. The grounds of it are not given, but we think they may be gathered from an attentive perusal of what is said in the previous case of Bishop *vs.* Baker (19 P*ick.*, 577). We do not consider the case as deciding that the taking and conversion, however alleged, would be mere matter of aggravation.

We do not think it necessary to refer to other cases cited by the plaintiff's counsel, to show that in trespass *quare clausum fregit*, the plaintiff is entitled to recover such damages as are the natural and probable consequences of the breaking and entering. For we do not see how, in the present case, the taking and conversion can be regarded as a consequence of the eviction and detainer. At all events, it is sufficient to say, as was said by Shaw, C. J., in Bishop *vs.* Baker, that the damages are claimed for that injury, not under a *per quod*, as a consequence of the breaking and entering, but as a substantive wrong and injury.

If we are correct in the conclusion that, upon this declaration, the taking and conversion alleged must be considered as a substantive part of the gravamen of the plaintiff's action, it is clear that the plaintiff is not entitled to judgment for three times the amount of the verdict. Being general, we cannot render such a judgment without trebling damages, which the statute does not authorize to be trebled. (1 *Ch. Plead.*, 864; *Ewing* vs. *Leaton*, 17 *Miss.* [2 *Bennet*,] 465; *Labeaume* vs. *Woolfolk*, 18 *Ib.*; [3 *Bennet*,] 514.)

The plaintiff, if he wished to avail himself of the benefit of the statute, should not have taken a general verdict, but should have asked for a separate assessment of the damages occasioned by the eviction and detainer, and of those occasioned

by the taking and conversion of the personal property. If he had done so, the damages for the eviction and detainer might have been trebled. (*See Ewing* vs. *Leaton, and Labeaume* vs. *Woolfolk, before cited.*

Motion denied.

Present, all the Judges.