Squiers vs. The Village of Neenah.

## SQUIERS VS. THE VILLAGE OF NEENAH.

*Power of village trustees to lay out street through land, with owner's consent — Individual liability of trustees.*

1. One who has given a written assent to the laying out of a village street through his land, and agreed with the village trustees upon the compensation to be made, or has given a written release of damages (as provided by sec. 60, ch. 19, R. S.), cannot resist the opening of the street.

2. Where the land owner has *otherwise* assented to the laying out of the street, although he may withdraw his assent before it is *opened*, yet the unlawful action of the trustees in opening it (they having competent authority to act upon the general subject-matter, and proceeding with an honest view to gain for the public a lawful benefit) will not subject them individually, but will subject the village, to an action for the trespass.

3. An objection to the examination of a party as a witness in his own behalf is waived if not taken until he has been sworn and given his testimony in part.

APPEAL from the Circuit Court for *Winnebago* County.

Trespass *quare clausum.* The premises were two lots in the village of Neenah. The complaint avers that defendant committed the trespass, through its board of trustees and street commissioners, who, by law, had charge of, and jurisdiction over, the laying out and opening of streets and highways, and who, by themselves, their agents and servants, committed the alleged trespass "in a wanton manner and unlawfully," "on pretense of opening a street which said village claimed to have laid through the premises," but that no valid proceedings had ever been had for laying out such street. Answer, that the *locus in quo* was a highway duly laid out with plaintiff's consent. Plaintiff introduced in evidence the records of the village board of trustees, which showed a petition, signed by the requisite number of resident freeholders, for the opening of

said street; a resolution of the board to summon six freeholders (naming them) to estimate the damages and assess the benefits to those interested, from opening the street; the proceedings in summoning and swearing said freeholders, and their report to the board awarding plaintiff a certain sum as damages; an ordinance of the board for opening said street, with proof of posting, etc.; tender to plaintiff of the damages so awarded, and written notice to him to open the street; and a subsequent resolution of the board (shortly before the alleged trespass) instructing the street commissioners to open the street. Plaintiff also proved his possession under claim of title, and that Watson, one of the village street commissioners, entered at the time alleged and tore down his fence, etc., to his damage, etc. Watson, for plaintiff, testified that he went to plaintiff and told him he was sent by the board to open the street. "He said I had come at a bad time for him; he wished I could wait two weeks. I told him I could not without fresh orders from the village board. It was snowing. He said if I would wait until the storm was over, I might open it. About one o'clock I went and opened it. He was not there when I commenced. He came there, and came up with a club, and put it over me." Plaintiff was then recalled, and an objection that he was not competent to testify, because defendant was a corporation and had not been notified of his intended examination, was overruled. He testified that he had prepared to build a new fence, merely to protect the balance of his premises when the village should have torn his fence down; and that he did not consent to the opening of the street. Defendant's evidence was to the effect that when Watson returned to the premises, and proceeded to remove the fence, it was not storming; and that some one was digging post holes for plaintiff to fence on each side of the street, and plaintiff himself had gone to get lumber for that purpose.

The court instructed the jury as follows : "1. The opening of streets is within the scope of defendant's powers, and if the removal of these fences was authorized, or adopted and ratified, by the board of trustees, defendant is liable, if there was no street there.     2. There is no evidence of the legal laying out of a street in this case, unless you find that plaintiff consented that the land might be taken for public use, without the necessity therefor having been first determined by the verdict of a jury.     3. The burden of proving such consent is on the defendant.     4. Defendant has not set up any such defense as a license, otherwise than by a consent of the plaintiff to the opening of the street; and no such defense as a license can be considered by you, unless it amounts to a consent to open the street." Verdict and judgment for plaintiff; and defendant appealed.

*Earl P. Finch*, for appellant :

1. The allegation in the complaint is of a *willful* trespass, and the *corporation* is not liable.     2 Coms. 479 ; 19 Wend. 343 ; 3 Barb. S. C. 42 ; 5 id. 80 ; Dunlap's Paley, 306 and note.     The judgment must therefore be reversed, although objection to the sufficiency of the complaint was not taken in the court below. 20 Wis. 243. 2. The court erred in admitting plaintiff's testimony. Ch. 64, Laws of 1859 ; *Sika v. The Ch. & N. W. R. W. Co.*, 21 Wis. 371.     3. The corporation had no power to open streets.     Subd. 13, § 23, ch. 70, R. S., so far as it undertakes to confer that power, is invalid, no provision being made for a jury to ascertain the necessity of taking private property for public use, as required by § 2, art. XI of the state constitution.     8 Wis. 485, 493.     The first instruction was therefore erroneous ; and the corporation is not responsible for the acts of its officers or agents when not acting within the scope of their powers.     *Boom v. City of Utica*, 2 Barb. (S. C.) 104.     4. If the board had no power to do the act, it would not bind the cor-

poration by any subsequent ratification. 2 Coms. 479, 178 ; 2 Denio, 113 ; 2 Barb. (S. C.) 111 ; Grant on Corp. 360. 5. Plaintiff's language to Watson amounted to a consent to open the street (20 Wis. 344) ; and the fourth instruction is calculated to mislead and confuse, which is sufficient ground for reversing the judgment. 19 Wis. 96 ; 20 id. 344.

*Moses Hooper*, for respondent, contended that, under the laws of 1858 and 1859, plaintiff was entitled to be sworn without notice to defendant (22 N. Y. 352 ; 3 Bosw. 157 ; 29 Barb. 176 ; 31 id. 267 ; 18 How. Pr. 169) ; and if not, that the objection was waived. *Groshon v. Thomas*, 20 Md. 242 ; *Mining Co. v. Boles*, 24 Cal. 363 ; *Andre v. Bodman*, 13 Md. 241 ; 1 Greenl. Ev., § 241. In support of the first instruction he cited *Thayer v. Boston*, 19 Pick. 511 ; *La Cour v. The Mayor*, 3 Duer, 406 ; *Boom v. Utica*, 2 Barb. (S. C.) 104 ; 5 id. 90 ; 15 N. Y. 512 ; 4 S. & R. 17 ; 36 Mo. 553 ; 5 B. Mon. 130 ; 2 Kent's Com. 284 ; A. & A. on Corp. 250–330, 388, 390, 391.

DIXON, C. J. It is contended for the defendant, that there was such an entire want of power in the board of trustees to lay out or to open the street in question, that their act in directing it to be opened, and the act of the street commissioner in opening it, were wholly void — such clear departures from duty on the part of the officers concerned, that, though performed in the name of the village, they were in no respect binding upon it, but only affected the officers themselves, who alone must be held responsible as individuals for the damages occasioned. This argument proceeds upon the absence of any provision in the general statute for the incorporation of villages (ch. 70, R. S.), under which this village was organized, for calling together and empaneling a jury to establish the necessity of taking private property for public use, as required by sec. 2, art. XI of the constitution of this state. Without such provision, it is

contended that the power conferred upon the board of trustees by subd. 13, sec. 23 of the statute, to lay out and open streets, avenues, etc., is nugatory and void. However correct this argument might be in a case where the proceedings to lay out and open the street were professedly adverse or in opposition to the wishes of the owner whose land was to be taken, we think it is incorrect and inapplicable in the case now presented. The trustees here did not profess so to act, but with the assent of the plaintiff, who owned the land; and, if they were mistaken with regard to such assent, still the proceeding was not so entirely without the scope of the powers of the trustees that the corporation may claim exemption from liability for their acts. The trustees were authorized by the statute to lay out and open streets, and, supposing the plaintiff to have assented to the laying out and opening of the street in controversy, then no jury was required to establish the necessity. With the assent of the plaintiff, the trustees had power to lay out and to open the street. Acting upon this supposition, a state of facts was presented upon which the trustees had lawful authority to proceed, or would have had such authority but for their mistake that the assent of the plaintiff was not necessary to the opening as well as the laying out of the street; which mistake, though it may operate to make the proceeding unlawful as against the plaintiff, does not show such a want of power in the trustees as will absolve the corporate body from liability. The trustees undoubtedly believed that the assent of the plaintiff to the laying out of the street was sufficient to authorize them to open it, whether the plaintiff assented to such opening or not. This fact sufficiently appears from the answer of the village in this action, in which it is averred that the premises in question were a public highway, "which had been duly laid out, by and with the consent of the plaintiff, and at his request; and the acts complained of by the plaintiff

were simply the opening of said street by the officers authorized by law so to do.'' And under some circumstances the assent of the plaintiff to the laying out of the street might have been sufficient to justify the trustees and street commissioner in the steps here taken to open it. If, for example, the plaintiff had assented in writing to the laying out of the street, at the same time agreeing with the trustees upon the compensation to be made (3 Wis. 724), or if he had given a written release of damages, as prescribed by statute (R. S. ch. 19, § 60), then, no doubt, he could not have withdrawn his assent or made any successful resistance to the opening of the street. The proceeding, therefore, although unlawful, was not one which was so known or understood at the time. It was a proceeding on the part of public officers having, under the circumstances supposed, competent authority to act upon the general subject-matter, and whose acts were performed with an honest view to obtain for the public a lawful benefit or advantage. The case presented, therefore, is one falling fully within the principle stated in *Thayer v. Boston* (19 Pick. 511), and which was quoted with approbation and acted upon by this court in *Hurley et al. v. The Town of Texas* (20 Wis. 637). The rulings of the court below upon the several instructions asked, as well those given as those refused to be given to the jury, having all been in strict accordance with the views here expressed, it follows that the several exceptions thereto which were taken by the defendant must each and all be overruled.

The objection that the complaint charges a willful trespass, for which the village ought not to be liable, is, we think, unfounded. The use of the word "wanton," in the complaint, was obviously not intended for any such purpose, and should not be so construed.

And the objection to the further examination of the plaintiff as a witness in his own behalf, for want of notice under the statute, was properly overruled, because

it came too late. Such objection should be taken before the party has been sworn and allowed to proceed with his testimony, or it is waived. It is like the objection to the competency of a witness on the ground of interest, where the party objecting is aware of the existence of the interest. He must take it at the earliest opportunity, or be presumed to have waived it forever. 1 Greenleaf's Ev. § 421.

*By the Court.* — Judgment affirmed.