JENNIE M. HATHAWAY *vs.* HENRY C. OSBORNE, Town Treasurer.

NEWPORT—JUNE 5, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Municipal Corporations. Trespass. Pleading. Unlawful Acts of Agents. Ultra Vires.*

A municipal corporation is liable in an action of trespass for the acts of its agents in entering upon private land, without right, by order of the town council, for the purpose of laying out a highway.

(2) *Municipal Corporations. Notice to Towns of Demands. Trespass.*

Gen. Laws cap. 36, § 16, providing for notice to towns of claims and demands against them, has no application to actions of trespass arising out of the

wrongful acts of the town, but applies merely to the causes of action referred to in section 15 of said chapter.

(3)  *Trespass.   Pleading.   Aggravation of Damages.*

In an action of trespass, alleging an entry by force upon plaintiff's land by agents of a municipal corporation for the purpose of laying out a highway, the tearing down of walls, subversion of the soil, and building the road are properly alleged in aggravation of damages as constituting continuous and aggravated injuries to plaintiff's possession of the land. So also it is proper to allege specially the influx of the sea upon the land by the removal of barriers in further aggravation of damages, as this was not a necessary result of the unlawful entry.

TRESPASS QUARE CLAUSUM FREGIT.   Heard on demurrer to defendant's plea, and demurrer sustained; and on demurrer to third and fourth counts, and demurrer overruled.

DOUGLAS, J.   This is an action of trespass, complaining of the town of Tiverton for entering upon the plaintiff's land, removing boundary walls and barriers to the inflow of the sea, and building a road across the land.

The defendant pleads that the plaintiff did not file her claim with the town council within sixty days of the date of the committing of the trespasses, and the plaintiff demurs to this defence on the ground that the statute does not require notice within such time.

The defendant demurs to the third and fourth counts of the declaration, on the ground of duplicity and erroneous joinder of diverse causes of action.

The defendant furthermore objects to the whole action that trespass will not lie against a town for the acts of its agents in the circumstances set forth, but that the plaintiff's only remedy is against the agents themselves.

These demurrers and objections give rise to the following questions:

First.   Is a municipal corporation liable in trespass for the acts of its agents in entering upon private land, by order of the town council, for the purpose of laying out a highway there?

The contention of the defendant is that such an act is *ultra vires,* and involves only the agent who commits it.

We can see no reason in this view.   The laying out and con-

struction of highways is within the general powers of a municipal corporation, and when the council without right directs the officers of the town to enter upon private land for that purpose, the town commits the trespass which it directs. 2 Dill. on Mun. Corp. §§ 971, 972, and cases cited; *Lee* v. *Sandy Hill*, 40 N. Y. 442; *Squiers* v. *Neenah*, 24 Wis. 588; *Hawks* v. *Charlemont*, 107 Mass. 414.

The case of *Allen* v. *City of Decatur*, 23 Ill. 332, is directly in point, and clearly states the reasons why a municipal corporation is held liable in trespass for a direct wrong as well as in case for negligence of its agents. "If it had committed a lessor tort," says the court, "so that the injury was indirect and consequential, it would be liable, in an action on the case, and we will not say that it is not liable for a greater wrong producing a direct injury for which by the mere form of proceeding the party is required to seek his remedy in an action of trespass. There is no reason and no propriety in such a distinction, and the wisdom of the law cannot recognize it."

The true distinction between causes of action in trespass and in case is laid down in *Mossessian* v. *Callender, etc., Co.*, 24 R. I. 166.

The objection is overruled.

(2)    Secondly. Does the statute providing for actions against towns require that notice shall be given of trespasses committed by authority of the town within sixty days after they are committed, as preliminary to bringing suit for the same?

The statute relied upon is chapter 36 of the General Laws, of which the sections deemed to apply are as follows:

"SEC. 12. Every person who shall have any money due him from any town or city, or any claim or demand against any town or city, for any matter, cause, or thing whatsoever, shall take the following method to obtain the same, to wit: Such person shall present to the town council of the town, or to the city council of the city, a particular account of his claim, debt, damages, or demand, and how incurred or contracted; which being done, in case just and due satisfaction is not made him by the town or city within forty days after the presentment of such claim, debt, damages, or demand aforesaid, such person may com-

mence his action against such treasurer for the recovery of the same."

"SEC. 15. If any person shall receive or suffer bodily injury or damage to his property by reason of defect, want of repair, or insufficient railing, in or upon a public highway, causeway, or bridge, in any town which is by law obliged to repair and keep the same in a condition safe and convenient for travelers with their teams, carts, and carriages, which injury or damage might have been prevented by reasonable care and diligence on the part of such town, he may recover, in the manner hereinafter provided, of such town the amount of damage sustained thereby, if such town had reasonable notice of the defect, or might have had notice thereof by the exercise of proper care and diligence on its part."

"SEC. 16. A person so injured or damaged shall, within sixty days thereafter, give to the town by law obliged to keep such highway, causeway, or bridge in repair, notice of the time, place, and cause of such injury or damage; and if the said town shall not make just and due satisfaction therefor within the time prescribed by section twelve of this chapter, he shall, within one year after the date of such injury or damage, commence his action against the town treasurer for the recovery of the same, and not thereafter."

Section 12 applies to all claims and demands against a town and provides that notice must be given to the town council before suit in such cases, and that suit shall be against the treasurer.

Section 15 makes the town responsible for damages caused by defective highways in certain cases.

Section 16 requires the person who claims damages for the causes mentioned in section 15 to give notice within sixty days, and to bring suit within one year after the injury or damage is suffered.

The provisions of section 16 relate only to the causes of action referrred to in section 15, and have no application to such causes of action as are set forth in this declaration. There was therefore no obligation upon the plaintiff to observe the conditions of section 16.

The demurrer to the second and third pleas is sustained.

(3)    Thirdly.   Are the matters stated in the third and fourth counts of the declaration ·proper matters in aggravation of damages, or should they be presented in a separate action?

The only cause of action alleged is an entry by force upon the plaintiff's land and acts committed there while the trespass continued.

The tearing down of walls, subversion of the soil, and building the road were willful acts, and together constituted a continuous and aggravated injury to the plaintiff's possession of the land.   A direct consequence of the removal of the barrier was the influx of the sea.   It was not a necessary result of the unlawful entry, and hence is properly specially alleged.

The defendant refers to *Carroll* v. *Rigney*, 15 R. I. 81, where it was held that a landlord could not maintain trespass against a tenant for injuries done during the tenancy, but that the proper remedy was ·case.   The reason of that decision is the well-settled doctrine that trespass *quare clausum fregit* is an injury to the possession of land, and a landlord is not in possession while the term continues.

All the injuries here complained of are infractions of the owner's present right.

The principles involved are elementary in the law of pleading.   *Gilbert* v. *Pritchard*, 41 Hun. 46;   *Rucker* v. *McNeely*, 4 Blackf. 179;   *Waldo* v. *Waldo*, 52 Mich. 94;   *Guille* v. *Swan*, 19 Johns. 381;   *Tyson* v. *Booth,* 100 Mass. 258;   1 Chit. Pl. 412, n. (k).

The defendant's demurrers to the third and fourth counts of the declaration are overruled.

The case will be remitted to the Common Pleas Division for further proceedings.

*Wm. P. Sheffield, Jr.,* for plaintiff.

*William J. Brown,* for defendant.