## COOK v. COOK.

LOG-LIEN SUIT—TAX TITLE—RIGHT TO TEST VALIDITY.

In proceedings under the log-lien law (3 How. Stat. § 8427a et seq.) against one claiming under a tax title, the real owner of the premises may intervene and attack the validity of such title, where the possession of the holder thereof was such only as was incident to cutting and removing the timber from the lands. Such a case is not within the rule precluding the litigation of title to realty in a personal action.

Error to Ogemaw; Sharpe, J. Submitted June 18, 1895. Decided July 2, 1895.

Log-lien proceedings (two cases) by Adam Cook and John Cook, respectively, against George Cook. Henry Gamble and William C. Weber intervened. From judgments for plaintiffs, the interveners bring error. Reversed.

*O. E. M'Cutcheon* and *F. L. Snodgrass,* for appellants.

*W. A. Weeks (McDonell & Hall,* of counsel), for appellees.

McGRATH, C. J.    Plaintiffs in these cases, as employés of one George Cook, claim liens upon certain forest products taken from the S. W. ¼ of section 9, township 21 N., range 2 E.   George Cook held a tax title.   Defendants Weber and Gamble, claiming, as owners of the land, to own the products, make proof of title to the land, and offer to show that the tax title is invalid.   The court excluded the testimony.

This was error.   The only possession here shown was one incident to the cutting of the timber.   Defendant Cook went upon the land in November, erected lumber camps thereon, and immediately commenced cutting and removing the timber from the land.   He says that he entered for the purpose of doing the lumbering in question.   He did nothing but remove the timber.   Such possession does not bring the case within the rule contended for by counsel for plaintiffs.

In *Busch* v. *Nester,* 70 Mich. 531, Mr. Justice CHAMPLIN, speaking for the court, says:

"I do not concede the doctrine, however, that where the proof shows, as in this case, the pine standing upon the land is the principal, and very likely the only, value of consequence, a holder of a tax title may light down upon the land like the locusts of Egypt, and destroy all there is of value upon it, and then depart, leaving the land denuded of all that is valuable, and turn the owner over to his tardy action of ejectment, with its three trials, and, after judgment is finally secured, to his action for mesne profits.   In most cases it would be a barren remedy for barren land not worth the taxes."

See, also, *McKinnon* v. *Meston,* 104 Mich. 642.

The judgments are reversed, and new trials ordered.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, J., did not sit.