MORET v. MASON.

1. TROVER—TIMBER CUT FROM UNOCCUPIED LANDS.

The owner of land can maintain trover for timber cut therefrom by one claiming under a void tax deed, where the possession of the latter was fugitive merely, and for the sole purpose of cutting the timber. *Cook* v. *Cook, ante,* 164, followed.

2. SAME—EVIDENCE OF CONVERSION—JOINT WRONGDOERS.

In trover for timber cut from plaintiff's land, it appeared that, at the suggestion of H., defendant procured a quitclaim deed of the premises from the holder of a void tax title, and that thereupon, pursuant to agreement between them, H. cut and hauled the timber, defendant receiving a certain sum per M. as stumpage. *Held,* that it was for the jury to say whether defendant was a joint wrongdoer.

3. TROVER FOR TIMBER—MEASURE OF DAMAGES.

In an action of trover for timber cut from plaintiff's lands by the defendant under a void tax title, a recovery may be had for the value of the logs at the place to which they were removed by the defendant for manufacture. The rule thus laid down in *Grant* v. *Smith,* 26 Mich. 201, was not disturbed by the holding in *Winchester* v. *Craig,* 33 Mich. 205, in which case the timber had been cut by mistake.

4. SAME—INSTRUCTIONS—HARMLESS ERROR.

Where, in such a case, punitory damages are not allowable under the charge of the court, an instruction characterizing the alleged trespass as " willful and negligent" is not prejudicial.

Error to Charlevoix; Corbett, J. Submitted May 9, 1895. Decided September 26, 1895.

Trover by Josephine Moret against Albert E. Mason for the conversion of certain logs and hemlock bark cut from lands alleged to belong to plaintiff. Defendant claimed under a tax deed. Among other things, the court instructed the jury as follows:

"You are instructed that, in actions of trover for timber taken from lands by a trespasser, the measure of damages depends upon whether the trespass is willful and negligent, or the contrary. Our highest court has held that a void tax title does not tend to show that a person acting under it does so in good faith, but that the trespass must have been willful and negligent. You have already been instructed that the tax deed under which defendant claims to have acted is void upon its face. The plaintiff had the right to treat the time and place of manufacture of these logs into lumber, and the time and place of selling the bark, as the period of conversion, and would be entitled to recover as damages the value of said products at such time and place."

There was a judgment for plaintiff, and defendant brings error. Affirmed.

*R. W. Kane,* for appellant.

*B. T. Halstead* and *C. F. Hull,* for appellee.

McGRATH, C. J. This is trover for timber cut from unoccupied lands. Defense, a tax title in defendant, and a tax title held by a third party. The court held both tax deeds void, and plaintiff had judgment.

It is urged that the action does not lie against one in possession. Clearly, under the evidence, the possession was but a fugitive possession, and for the purpose only of cutting the timber. The question is ruled by *Cook* v. *Cook,* 106 Mich. 164. The constructive possession was in plaintiff. The court having declared the tax deeds void, there were no conflicting titles for the jury to try. *Busch* v. *Nester,* 70 Mich. 525.

Defendant's testimony tended to show that he entered into an agreement with one Hull, whereby the latter was to cut and haul the timber to mill, and defendant was to

receive a certain sum per M. as stumpage. The timber was cut and hauled by Hull, and defendant received the amount agreed upon. His own testimony, however, tended to show that at Hull's suggestion, and with reference to this cutting, he procured a quitclaim deed from the holder of the tax title, and then made this arrangement with Hull. We think that the court properly left it to the jury to determine whether or not he was a joint wrongdoer.

The rule as to the measure of damages was that laid down in *Grant* v. *Smith,* 26 Mich. 201. In *Winchester* v. *Craig,* 33 Mich. 205, the jury expressly found that the defendants cut the timber by mistake. That case does not disturb the rule adopted in *Grant* v. *Smith.* As in that case, punitory damages were not allowed, and what was said by the court as to the nature of the trespass was without prejudice.

The judgment is affirmed.

**The other Justices concurred.**