CARLTON v WARNER

1. EASEMENTS—MAINTENANCE—CHANGES—BURDEN OF EASEMENT.

   The party who enjoys an easement is entitled to maintain it so
   that it is capable of the use for which it was given, but that
   party is not entitled to make such drastic changes as to
   increase the burden of the easement over the property in-
   volved.

2. EASEMENTS—ALTERATIONS—OWNER'S CONSENT.

   The party who enjoys an easement may not make gross altera-
   tions in the real estate to the prejudice of the fee owner;
   reasonable alterations for the enjoyment of the easement may
   be made by the dominant party without the express consent of
   the fee owner but common sense would dictate that he need
   first consult with the owner of the underlying fee.

3. EASEMENTS—IMPROVEMENTS—OWNER'S VETO POWER.

   The fee owner does not hold unrestricted veto power over im-
   provements sought to be made by the dominant party having
   an easement in real estate.

Appeal from Oakland, William R. Beasley, J.
Submitted Division 2 February 7, 1973, at Lansing.
(Docket No. 14096.) Decided March 28, 1973.

Complaint by Verlon C. Carlton and Helen E.
Carlton against Everett Warner and Wava M.
Warner for damages for loss of dirt removed by
defendants from an easement over plaintiffs' land.
Counterclaim by defendants seeking a declaratory
judgment determining the rights of the parties in
the easement. Judgment granting money damages
to plaintiffs and granting a general easement to

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 25 Am Jur 2d, Easements §§ 72, 74, 75.
[3] 25 Am Jur 2d, Easements §§ 85, 86.

defendants. Defendants appeal. Reversed in part and affirmed in part.

*Cooney, Bertucci & Gavette,* for defendants.

Before: BRONSON, P. J., and FITZGERALD and O'HARA,* JJ.

O'HARA, J. This is a lawsuit that were better not tried. It is a quarrel between neighbors. One owns the property which is called the servient estate. Apparently it is so-called because the other party incontestably enjoys an easement over it. Thus, it becomes the dominant estate.

It is undisputed that the roadway which is maintained over the easement was impassable during certain times of the year. In consequence the defendants-appellants bulldozed it. Whether rightfully or not, they at least impolitely went ahead with the project without consulting the fee owners. The fee owners sued in trespass. Testimony was taken. Nobody agreed on anything. One witness testified that by such bulldozing, apparently preparatory to surfacing the roadway, appellants removed top soil to the value of $300. Another testified what was removed was, at best, fill dirt and of nominal value. The former owner of the property who granted the easement testified that he had intended to help with the work on the roadway so that it would be passable.

There is little that can be added to settled principles of law which control here.

The party who enjoys the easement is entitled to maintain it so that it is capable of the use for which it was given. That party, however, is not entitled to make such drastic changes so as to

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

increase the burden of the easement over the property involved. There is authority both ways as to the matter of paving or surfacing. Gross alterations may not be made to the prejudice of the fee owner. Reasonable alterations for the enjoyment of the easement may be made without the express consent of the fee owner but as the chancellor wisely observed "common sense would dictate that they need first consult with owners of the underlying fee". He also correctly observed that the fee owner does not hold unrestricted veto power over improvements sought to be made.

All the foregoing is discussed in 25 Am Jur 2d, Easements and Licenses, § 85, p 492. A helpful reference is to an annotation at 112 ALR 1308.

In the case at bar we think the proof of damage to the fee in the amount of $300 was insufficient to meet the burden which rests on the party asserting it. Neither does the award of $300 damages for "wrongful removal of soil" accord with the holding of the trial judge that the owner of the easement has a right of reasonable maintenance.

We reverse the holding of the trial judge in numbered paragraphs "1" and "2" as to wrongful removal of soil and damage. We affirm as to the balance.

We point out to the parties that reasoned discussion of their conflicting rights before action is taken as to the alteration of the roadway may well save time, money, and the abrasion that often results from after-the-fact litigation.

Reversed in part. Affirmed in part. No costs, neither party having prevailed in full.

All concurred.