EMBREY v WEISSMAN

1. TRESPASS—TREBLE DAMAGES—STATUTES.

Treble damages for trespass may not be awarded where it appears that the trespass was casual and involuntary (MCLA 600.2919[1]; MSA 27A.2919[1]).

2. TRESPASS—TREBLE DAMAGES—JURY VERDICT—THEORY OF LIABILITY —CASUAL TRESPASS.

A trial judge's award of treble damages for trespass, after a jury verdict for the plaintiff in an action for damage to land, was erroneous where (1) the jury verdict did not specify whether or not it found a casual and involuntary trespass and (2) the jury verdict did not disclose under which of several theories advanced for liability it assessed damages (MCLA 600.2919[1]; MSA 27A.2919[1]).

3. EASEMENTS—LIMITATIONS—AREA—USE.

An easement is an interest that can be limited not only in area, but also in use.

4. TRESPASS—SEWER LINES—EASEMENTS—CONSTRUCTION OF SEWERS.

Activities by a construction corporation in constructing a sewer line across certain land may constitute a trespass, even though the activities took place within an area designated for construction in an easement granted by the landowner for construction of the sewer line, where the activities go beyond the reasonable exercise of the use granted by the easement.

5. TRIAL—JUDGES—INSTRUCTIONS TO JURY—SUPPORT BY PROOF.

Instruction on a theory unsupported by proof is reversible error.

REFERENCES FOR POINTS IN HEADNOTES

[1] 75 Am Jur 2d, Trespass §§ 60, 61.
[2] 75 Am Jur 2d, Trespass § 80.
[3] 25 Am Jur 2d, Easements and Licenses § 2.
[4] 25 Am Jur 2d, Easements and Licenses § 70.
[5] 75 Am Jur 2d, Trial § 645.
[6] 18 Am Jur 2d, Conversion § 20.
[7] 18 Am Jur 2d, Conversion § 22.
[8] 18 Am Jur 2d, Conversion § 25.
[9] 18 Am Jur 2d, Conversion § 82.

6. CONVERSION—PROPERTY ATTACHED TO REALTY.
   Property which is still part of realty cannot be the subject of conversion.

7. CONVERSION—TREES—SOIL—REALTY.
   Trees, once cut, may be converted as timber; soil, once severed from real estate, is subject to conversion.

8. CONVERSION—PERSONAL PROPERTY.
   Conversion is an act of dominion wrongfully exerted over another's personal property.

9. CONVERSION—DAMAGES—MARKET VALUE.
   The measure of damages for conversion is the market value at the time of conversion.

Appeal from Oakland, William John Beer, J. Submitted December 16, 1976, at Detroit. (Docket No. 22854.) Decided March 3, 1977.

Complaint by Bedford L. Embrey, trustee, against Seymour Weissman, the County of Oakland and Weissman Contracting Corporation for damages to land held by a trust. Judgment for plaintiff against Oakland County and Weissman Contracting. Weissman Contracting appeals. Reversed and remanded.

*Hartman, Beier, Howlett, McConnell & Googasian,* for plaintiff.

*Klein, Bloom & Gale,* for Weissman Contracting Corporation.

Before: R. M. MAHER, P. J., and V. J. BRENNAN and N. J. KAUFMAN, JJ.

PER CURIAM. Plaintiff, as trustee, brought an action against the County of Oakland, Seymour Weissman and Weissman Contracting Corporation

for damage to land held by the trust. A jury returned a verdict of $50,000 against the county and the corporation, and the trial court trebled the award. The corporation appeals.

The assets of the Charles Staff Trust include 20 acres of undeveloped land in Oakland County. In 1967, plaintiff, as trustee, granted the county an easement for a sewer line across the property. Plaintiff and the county agreed upon a slight alteration of the course of the sewer line in 1970. The permanent easement, for placement of the sewer line, was 20 feet wide, with construction activities permitted for 30 feet on each side. In June, 1970, the county awarded defendant Weissman Contracting Corporation the contract for construction of the sewer line.

The agreement between plaintiff and the county creating the easement provided that after construction the property "shall be reasonably restored to its original condition by the county". The construction contract between the corporation and the county contained several provisions dealing with the protection and restoration of the property. The corporation promised to "replace and protect all shrubbery damaged or destroyed by its operations" and to "protect and preserve all trees along the line of work". Under the contract, it was the corporation's obligation to "restore the job site to substantially the same condition as existed prior to beginning of work".

Plaintiff claimed that the corporation's activities seriously disturbed the land. His complaint asserted liability under theories of trespass, breach of contract, negligence, conversion and unjust enrichment. At trial, he offered proof that trees were destroyed across an area over 200 feet wide, that a substantial amount of soil was removed and that a

3.4-acre area became swamp. Over the corporation's objection, the trial court instructed the jury on all theories of liability advanced.

On appeal, the corporation first contends that it was error to enter a judgment trebling the amount awarded by the verdict. We agree.

Statutory authority for treble damages for trespass is found in MCLA 600.2919(1); MSA 27A.2919(1). The statute, although providing for liability for three times the amount of actual damages, limits a judgment to only actual damages when "it appears that the trespass was casual and involuntary". The jury returned a general verdict, which did not specify whether it found a "casual and involuntary" trespass[1] or a trespass that was "intentional and with knowledge that it was without right". *Kelly v Fine,* 354 Mich 384, 387; 92 NW2d 511 (1958). In *Osborn v Lovell,* 36 Mich 246, 251 (1877), the Supreme Court discussed when an award in a general verdict could be trebled:

> "Another objection to this judgment is fatal. The declaration contained two counts: one for a trespass at the common law, and one for the statutory trespass. The jury returned a general verdict of guilty, upon which the judge proceeded to render a judgment for three times the damages returned. Now, although the verdict established the fact of trespass, it found nothing more; and the finding could no more be applied to the one count than to the other. It cannot legally be known that the jury would have agreed on the count under the statute. The general finding is consistent with the fact that some of them may have agreed upon the aggravated trespass and some not. In any event, there was a trespass, which is all they have agreed upon. See *Biggs v Barry,* 2 Curt. C.C., 259; *Thayer v Sherlock,* 4 Mich.,

---

[1] Defendant conceded at trial that work was performed outside of the designated 80 feet construction area.

173. The verdict, therefore, only warranted a judgment for single damages."

Not only does the verdict returned not disclose whether an aggravated trespass was found, but it does not disclose under which of the several theories advanced for liability the jury assessed damages. In another early Supreme Court opinion, *Thayer v Sherlock,* 4 Mich 173 (1856), the Court denied a motion for judgment three times the amount awarded in a general verdict in an action containing counts for eviction and detainer and for conversion. The Court wrote:

"The plaintiff, if he wished to avail himself of the benefit of the statute, should not have taken a general verdict, but should have asked for a separate assessment of the damages occasioned by the eviction and detainer, and of those occasioned by the taking and conversion of the personal property. If he had done so, the damages for the eviction and detainer might have been trebled." 4 Mich at 176–177.

Since the jury may have awarded damages on a theory other than trespass, the judgment should not have trebled the damages awarded.

The corporation next alleges error in the trial court's instruction that allowed a finding that the corporation's activities within the designated construction area constituted trespass. The use of the land was controlled by the contract between plaintiff and the county, and it is certainly possible that the corporation's activities, beyond the scope of the use created, injured the interest plaintiff retained as owner of the construction area. An easement is an interest that can be limited not only in area, but also in use. *Cf. Carlton v Warner,* 46 Mich App 60; 207 NW2d 465 (1973). The court's instruction,

however, should have made clear that, within the construction area, only those activities that went beyond the reasonable exercise of the use granted could constitute trespass. See 3 Tiffany, Real Property, § 802, p 322.

Defendant's next contention is that plaintiff did not produce enough evidence to support instructions on conversion and unjust enrichment. Instruction on a theory unsupported by proof is reversible error. *Horst v Tikkanen,* 370 Mich 65; 120 NW2d 808 (1963). Defendant objected to the instructions on both theories at trial. The instruction on unjust enrichment was clearly inappropriate. There was no evidence that defendant "retain[ed] money or benefits which in justice and equity belong to another". *McCreary v Shields,* 333 Mich 290, 294; 52 NW2d 853 (1952).

The court instructed the jury on conversion of trees and soil. With regard to the trees, plaintiff only introduced evidence that trees within and outside the construction area were destroyed. Property while still part of the realty cannot be the subject of conversion, *Eadus v Hunter,* 268 Mich 233; 256 NW 323 (1934), although trees, once cut, may be converted as timber, *Moret v Mason,* 106 Mich 340; 64 NW 193 (1895), *Anderson v Besser,* 131 Mich 481; 91 NW 737 (1902). Since conversion is an "act of dominion wrongfully exerted over another's personal property", *Nelson & Witt v Texas Co,* 256 Mich 65, 70; 239 NW 289 (1931); *Thoma v Tracy Motor Sales, Inc,* 360 Mich 434; 104 NW2d 360 (1960), the evidence presented was insufficient to support an instruction on conversion of trees on plaintiff's property.

Plaintiff did introduce some evidence showing that defendant removed soil from the sewer construction site. Soil, once severed from real estate,

is subject to conversion. 18 Am Jur 2d, Conversion, § 22. Plaintiff failed to introduce evidence of the damage suffered by defendant's alleged conversion, and the court's instruction on damages did not include the appropriate measure of damages for conversion. The measure of damages for conversion is the market value at the time of conversion. *Baxter v Woodward,* 191 Mich 379; 158 NW 137 (1916).

This leads to the next allegation of error, that the instructions on damages were at least partially erroneous. If not erroneous, the instructions were certainly misleading. The instructions set forth several different standards for assessing damages, but they did not indicate that each standard only applied to a particular theory of liability advanced. For example, under the instructions, the jury, after finding a trespass, could award damages using the measure for breach of contract. On retrial, the jury should be instructed that the measure of damages may vary according to the theory of liability utilized. It should also be made clear to the jury that, although the evidence may support several theories of liability, multiple recovery for injury to a single interest is improper.

The remaining allegations of error need not be discussed.

The judgment is reversed and the cause remanded.