**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0087n.06

**No. 13-1651**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

PRIYA KUMAR; MUKESH KUMAR,

  Plaintiffs-Appellants,

v.

U.S. BANK NATIONAL ASSOCIATION, as
Trustee to Wachovia Bank NA as Trustree for the
Certificateholders of the MLMI Trust, Mortgage
Loan Asset-Backed Certificates Series 2005-08;
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.; DOES 1-10,

  Defendants-Appellees.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jan 30, 2014
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MICHIGAN

Before:  MOORE and COOK, Circuit Judges; GWIN, District Judge[*]

COOK, Circuit Judge.  In this diversity case, plaintiffs Priya and Mukesh Kumar appeal the dismissal of their complaint seeking to set aside the foreclosure sale of their Michigan home.  We affirm because they failed to allege the requisite clear fraud or irregularity in the foreclosure process.

I.

"Because this appeal comes to us on a motion to dismiss, we construe the complaint liberally in the plaintiffs' favor and accept all its factual allegations and inferences as true."  *Hudson v.*

---

[*]The Honorable James Gwin, United States District Judge for the Northern District of Ohio, sitting by designation.

No. 13-1651
*Kumar, et al. v. U.S. Bank Nat'l Ass'n, et al.*

*Hudson*, 475 F.3d 741, 743 (6th Cir. 2007). The Kumars' complaint explains that they borrowed funds from GreenPoint Mortgage Funding, Inc., to purchase their home. As security, they granted Mortgage Electronic Registration Systems, Inc. ("MERS"), the nominee for the lender, a mortgage interest in the property. Years later, MERS purportedly assigned the mortgage to U.S. Bank National Association ("USB"), as trustee of a securitized mortgage-loan trust. When the Kumars defaulted on their loan, USB initiated foreclosure proceedings. USB purchased the property at the foreclosure sale, and the Kumars failed to redeem the property within Michigan's statutory redemption period.

Instead, one day before the redemption period expired, the Kumars sued MERS and USB in state court, seeking declaratory and injunctive relief for violations of Michigan law in the foreclosure proceedings. In particular, the Kumars challenged the defendants' authority to foreclose in view of documents they claim forbade the assignment.

The defendants removed the case to federal court and moved to dismiss the Kumars' amended complaint. In granting the motion, the district court concluded that the Kumars "were not parties to either the assignment or [USB's] Trust agreement, and consequently have no standing to attack the validity of" the assignment. The court also dismissed without discussion the Kumars' "meritless . . . underlying claims," including a claim for conversion. The Kumars unsuccessfully moved for reconsideration and then brought this appeal.

II.

We review de novo the district court's dismissal, *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995), asking whether the complaint "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The Kumars argue that because their complaint sufficiently challenged MERS's authority to assign the mortgage, the district court erred in dismissing their complaint. Courts set aside foreclosure sales only upon a "clear showing of fraud, or irregularity" in the foreclosure procedure. *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359–60 (6th Cir. 2013); *see also Freeman v. Wozniak*, 617 N.W.2d 46, 49 (Mich. Ct. App. 2000). The Kumars failed to allege facts that would plausibly undermine MERS's authority to assign the mortgage. Instead, the Kumars point to a MERS document titled "Terms and Conditions" (apparently found on MERS's website), as supporting their contention that its terms "expressly preclude the use of the MERS system to either create or transfer beneficial interests in mortgage loans." But the copy of the mortgage document attached to MERS's motion to dismiss confirms MERS's authority to assign its power to sell. (R. 5-2, Mortg. ("[Signers] hereby mortgage, warrant, grant and convey to MERS . . . and to the successors and assigns of MERS, with power of sale, the [Property].").) The district court therefore properly rejected this challenge to the assignment. *See Carmack v. Bank of New York Mellon*, — F. App'x —, 2013 WL 4529871, at *5–6 (6th Cir. 2013) (affirming dismissal and

rejecting plaintiff's argument that MERS lacked authority to assign mortgage when the mortgage expressly provided MERS such authority).

The Kumars pressed an additional claim in their response to the banks' motion to dismiss—that MERS could not assign the mortgage because it acted as nominee for a defunct lender. Irrespective of its dubious merit, the Kumars' failure to raise this claim in the amended complaint or to seek leave to amend forecloses its consideration here. *See, e.g.*, *Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 429 (6th Cir. 2012) (declining to review claim made for the first time in response to the defendants' motion to dismiss).

The Kumars next attack the district court's decision as erroneously discounting their allegations that, in accepting the mortgage, USB violated its governing trust documents. As the district court properly concluded, however, the Kumars may not raise this claim, as they were neither a party to nor a third-party beneficiary of those contracts. *See Smith v. Litton Loan Servicing, LP*, 517 F. App'x 395, 397–98 (6th Cir. 2013) (applying Michigan law and holding that a non-party plaintiff lacked standing to challenge an alleged breach of trust documents); *see also Yuille v. Am. Home Mortg. Servs., Inc.*, 483 F. App'x 132, 135 (6th Cir. 2012) (per curiam) (same, with respect to an allegedly invalid assignment). In support of their argument, the Kumars highlight an unpublished Michigan opinion that found a mortgage assignment invalid because the trust accepted it in violation of its governing documents. *See Hendricks v. U.S. Bank Nat'l Ass'n as Successor Tr. to Bank of Am.*, No. 10-849-CH, at 5–7 (Washtenaw Cnty., Mich. Cir. Ct., June 6,

No. 13-1651
*Kumar, et al. v. U.S. Bank Nat'l Ass'n, et al.*

2011). Yet that case never addressed the issue here: whether a non-party to a document can challenge an alleged breach of that document. *See Moss v. Wells Fargo Bank, N.A.*, No. 11-13429, 2012 WL 1050069, at *5–6 (E.D. Mich. Mar. 28, 2012) (recognizing *Hendricks* but rejecting challenge by non-beneficiary plaintiffs).

We also uphold the district court's dismissal of the Kumars' conversion claim because Michigan limits the tort of conversion to personal, not real, property. *Embrey v. Weissman*, 253 N.W.2d 687, 690 (Mich. 1977) ("[C]onversion is an act of dominion wrongfully exerted over another's personal property.") (internal quotation marks omitted); *see also Makridakis v. Makridakis*, No. 269685, 2007 WL 2404622, at *4 (Mich. Ct. App. Aug. 23, 2007). Finally, we uphold the dismissal of the Kumars' fraud claim because the Kumars failed to allege specific misrepresentations made by MERS or USB. *See Wiggins v. Argent Mortg. Co.*, 945 F. Supp. 2d 817, 824 (E.D. Mich. 2013) (concluding that allegations of fraud "must at a minimum allege the time, place and contents of the representation upon which [the plaintiffs] relied") (internal quotation marks omitted).

III.

For the foregoing reasons, we AFFIRM the district court.