# STATE OF MICHIGAN

# COURT OF APPEALS

DARRELL BOUNDS,

        Plaintiff-Appellant,

v

ROBERT KRAUSE,

        Defendant-Appellee.

UNPUBLISHED
April 23, 2015

No. 319279
Allegan Circuit Court
LC No. 13-051122-CH

Before: METER, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

In this action to quiet title, for equitable relief, and for injunctive relief, plaintiff Darrell Bounds appeals as of right the trial court's order granting defendant Robert Krause's motion for summary disposition pursuant to MCR 2.116(C)(8) and (10). We affirm in part, reverse in part, and remand for further proceedings.

The property at issue is located at the intersection of Blue Star Highway and Old Allegan Road in Allegan County. On December 18, 1936, the property owner granted the Michigan State Highway Department two easements over the property; one "for highway purposes" and a second "for vision area purposes only." The conveyance document also contained a perpetual restrictive covenant that restricted the grantor, and all of her successors in title, from erecting, permitting, or maintaining on portions of plaintiff's land adjacent to the conveyed land any "bill board, sign board, or advertising device, other than those advertising articles sold on the premises." In 1986, plaintiff's parents received a deed to the property. In 1997, plaintiff's parents entered into a verbal agreement with defendant permitting defendant to erect a sign on the vision easement property to advertise several businesses; in exchange, defendant paid plaintiff's parents $300 per year. In 2009, after the death of his parents, plaintiff became the sole owner of the property. In May 2011, plaintiff advised defendant that the fee for the sign was increasing substantially. In response, defendant argued that plaintiff had no interest in the property on which the sign was placed because the sign fell within the vision easement granted to the Highway Department and subsequently assigned to the Allegan County Road Commission (ACRC). Therefore, defendant argued that plaintiff could not collect money for the sign or force him to remove the sign.

Plaintiff filed the present action in January 2013 and alleged negligence, gross negligence, conversion, trespass, continuing trespass, nuisance, unjust enrichment, intentional

infliction of emotional distress, and fraudulent misrepresentation. Defendant moved for summary disposition pursuant to MCR 2.116(C)(8) and (10). The trial court granted the motion and dismissed all of the claims in plaintiff's complaint pursuant to both MCR 2.116(C)(8) and (10). The trial court relied exclusively on the language of the restrictive covenant in the easement conveyance document as a basis to dismiss all of plaintiff's claims and found that "the negative implication of the language prohibiting the Plaintiff from building or allowing others to build signs on the property reserved and conveyed that specific right to the ACRC."

A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the claim on the basis of the pleadings alone. *Bailey v Schaaf*, 494 Mich 595, 603; 835 NW2d 413 (2013). Pursuant to MCR 2.116(C)(10), summary disposition should be granted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." When deciding a motion under MCR 2.116(C)(10), a court considers the pleadings, affidavits, depositions, admissions, and other documentary evidence submitted in a light most favorable to the nonmoving party. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004).

To establish a prima facie case of negligence, a plaintiff must prove: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages. *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011). "Accordingly, a defendant is not liable to a plaintiff [for negligence] unless the defendant owed a legal duty to the plaintiff." *Id*. If a court determines as a matter of law that a defendant owed no duty to a plaintiff, summary disposition of a negligence claim is properly granted pursuant to MCR 2.116(C)(8). *Halbrook v Honda Motor Co, Ltd*, 224 Mich App 437, 441; 569 NW2d 836 (1997). Likewise, duty is "an essential element" of a claim for gross negligence. *Smith v Jones*, 246 Mich App 270, 274; 632 NW2d 509 (2001). "Summary disposition of a plaintiff's gross negligence claim is proper under MCR 2.116(C)(8) if the plaintiff fails to establish a duty in tort." *Beaudrie v Henderson*, 465 Mich 124, 130; 631 NW2d 308 (2001). "Duty is an obligation to conform to a specific standard of care toward another as recognized under the law." *Smith v Stolberg*, 231 Mich App 256, 258; 586 NW2d 103 (1998).

In the present case, plaintiff's complaint alleges that defendant, as a businessman advertising on the property, had a continuing duty to verify "ownership" of the property and to verify "entitlement and permission" to use the property. However, plaintiff's complaint does not identify a legal basis for this alleged duty; plaintiff does not allege that this is a statutory duty or that this duty arises from the common law based on a special relationship between himself and defendant or because he entrusted himself to the control and protection of defendant in any way. *Bailey*, 494 Mich at 604. In addition, plaintiff's complaint does not identify a factual basis for the breach of this alleged duty. Instead, the allegations in the complaint support a conclusion that, to the extent such a duty does exist, defendant actually complied with it when he identified plaintiff's predecessors in interest as the owners of property, sought entitlement and permission from both plaintiff's parents and the township before he began to advertise on the property, and thereafter continued to recognize plaintiff as the owner of the property for a significant period of time. The mere statement of the conclusions that defendant owed plaintiff a duty and that this duty was breached does not suffice to state a cause of action if unsupported by allegations of fact, *ETT Ambulance Service Corp v Rockford Ambulance, Inc*, 204 Mich App 392, 395; 516 NW2d 498 (1994), and the trial court properly dismissed plaintiff's claims of negligence and

gross negligence pursuant to MCR 2.116(C)(8).  Although the trial court based its decision to grant summary disposition as to these claims on the language of the restrictive covenant, this Court can "affirm a trial court's grant of summary disposition for reasons different than relied on by the trial court."  *Jackson Co Hog Producers v Consumers Power Co*, 234 Mich App 72, 86; 592 NW2d 112 (1999).

Michigan law recognizes a common-law tort of conversion and a statutory tort of conversion.  *Lawsuit Financial, LLC v Curry*, 261 Mich App 579, 591-592; 683 NW2d 233 (2004).  Common-low conversion is "any distinct act of domain wrongfully exerted over another's personal property in denial of or inconsistent with the rights therein."  *Id.* at 591 (citation omitted).  "Statutory conversion consists of knowingly buying, receiving, or aiding in the concealment of any stolen, embezzled, or converted property."  *Id.* at 592-593, citing MCL 600.2919a.  However, a claim for conversion does not lie with respect to real property.  *Eadus v Hunter*, 268 Mich 233, 237; 256 NW 323 (1934); *Embrey v Weissman*, 74 Mich App 138, 143; 253 NW2d 687 (1977).  In the present case, plaintiff's complaint only alleges conversion with regard to real property.  Plaintiff's claim thus fails as a matter of law, *Eadus*, 268 Mich at 237, and the trial court properly dismissed plaintiff's claim of conversion pursuant to MCR 2.116(C)(8).

"Recovery for trespass to land in Michigan is available only upon proof of an unauthorized direct or immediate intrusion of a physical, tangible object onto land over which the plaintiff has a right of exclusive possession."  *Adams v Cleveland-Cliffs Iron Co*, 237 Mich App 51, 67; 602 NW2d 215 (1999).  Activities that involve a direct or immediate intrusion of a physical, tangible object and go beyond the reasonable exercise of the use granted by an easement may constitute a trespass to the owner of the servient estate.  *Wiggins v Burton*, 291 Mich App 532, 556; 805 NW2d 517 (2011).  Plaintiff's complaint alleges that the presence of defendant's sign on the vision easement property constituted an unauthorized direct or immediate intrusion of a physical, tangible object onto his land that went beyond the reasonable exercise of the use granted by the easement.  Therefore, plaintiff properly alleged a claim for trespass, *id.*, and the trial court erred when it dismissed plaintiff's claim for trespass pursuant to MCR 2.116(C)(8).

Further, there is no dispute as to the fact that defendant's sign is a direct or immediate intrusion of a physical tangible object onto the vision easement property.  Therefore, if the presence of the sign exceeds the scope of the vision easement, the sign constitutes a trespass on plaintiff's property.  *Id.*  Whether the sign exceeds the scope of the easement is a two-part analysis: first, it must be determined whether the sign is necessary for the easement holder's effective use of the easement; second, if it is necessary for the use of the easement, it must be determined whether the sign unreasonably burdens the servient estate.  *Blackhawk Dev Corp v Dexter*, 473 Mich 33, 42; 700 NW2d 364 (2005).  The plain language of the easement is clear and unambiguous; it is not unlimited in scope and is "for vision area purposes only."  At the time the motion for summary disposition was granted, there was evidence in the trial court record (specifically the deposition testimony of two employees of the ACRC) that supported a finding that defendant's sign was *not* necessary for the effective use of the easement because it was not necessary for vision area purposes.  Viewed in the light most favorable to plaintiff as the non-moving party, this is sufficient to grant summary disposition to *plaintiff* with regard to his claim for trespass.  However, the motion for summary disposition was heard before the deposition

testimony of the parties was available and the trial court ordered that the supplemental pleadings filed after the motion for summary disposition not include additional facts. Therefore, summary disposition pursuant to MCR 2.116(C)(10) would be premature. *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 292; 769 NW2d 234 (2009). Nevertheless, on remand for this claim, if the facts remain the same now that discovery is closed, summary disposition should be granted to plaintiff.

A continuing trespass is established by "continual tortious *acts*, not by continual harmful effects from an original, completed act." *Horvath v Delida*, 213 Mich App 620, 627; 540 NW2d 760 (1995). See also *Schadewald v Brule*, 225 Mich App 26, 40; 570 NW2d 788 (1997). In the present case, plaintiff's complaint alleged that defendant's repeated physical entry onto the property to complete various tasks with regard to the sign constituted a continual, unauthorized direct or immediate intrusion of a physical, tangible object onto land over which the plaintiff has a right of exclusive possession. Therefore, plaintiff properly alleged a claim for continuing trespass, *Horvath*, 213 Mich App at 627, and the trial court erred when it dismissed plaintiff's claim for continuing trespass pursuant to MCR 2.116(C)(8). Further, as with the claim for trespass, summary disposition pursuant to MCR 2.116(C)(10) would have been premature because discovery was not yet closed.

Plaintiff also alleged nuisance. While the "tort of trespass violates a landholder's right to exclude others from the premises," when "the possessor of land is menaced by noise, vibrations, or ambient dust, smoke, soot, or fumes, the possessory interest implicated is that of use and enjoyment, not exclusion, and the vehicle through which a plaintiff normally should seek a remedy is the doctrine of nuisance." *Adams*, 237 Mich App at 60, 67. "[R]ecovery in nuisance is appropriate for only *substantial* and *unreasonable* interference with the plaintiff's right to quiet enjoyment." *Id*. at 72. In the present case, plaintiff's complaint alleges that the placement of defendant's sign on plaintiff's property constituted a nuisance. Because plaintiff's complaint only alleges that a tangible object interfered with the use of his property, plaintiff failed to state a claim for nuisance as a matter of law, *Wiggins*, 291 Mich App at 556; *Adams*, 237 Mich App at 69-70, 72, and the trial court properly dismissed this claim pursuant to MCR 2.116(C)(8).

To establish a claim of unjust enrichment, plaintiff had to demonstrate: "(1) the receipt of a benefit by the other party from the complaining party and (2) an inequity resulting to the complaining party because of the retention of the benefit by the other party." *Karaus v Bank of New York Mellon*, 300 Mich App 9, 22-23; 831 NW2d 897 (2012). In the present case, plaintiff's complaint alleges that as of May 2011, he and defendant did not have an agreement with regard to the continuing placement of defendant's sign, that defendant received a benefit from plaintiff when he continued to conduct his business (i.e., maintaining an advertising sign) on plaintiff's property absent such an agreement, and that an inequity resulted to plaintiff because defendant did not pay for this benefit. Therefore, plaintiff properly pled a claim for unjust enrichment, *id*., and the trial court erred when it dismissed plaintiff's claim for unjust enrichment pursuant to MCR 2.116(C)(8). Further, discovery was not yet complete at the time the motion for summary disposition was granted. The evidence in the record left open an issue upon which reasonable minds could differ with regard to whether defendant received a benefit from plaintiff when he conducted his business on the property from 2011 to the time the complaint was filed without compensating plaintiff. *Debano-Griffin v Lake Co*, 493 Mich 167,

175; 828 NW2d 634 (2013). Therefore, summary disposition for defendant was inappropriate pursuant to MCR 2.116(C)(10) with regard to this claim.

Next, the elements of a claim of intentional infliction of emotional distress are: "(1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress." *Hayley v Allstate Ins Co*, 262 Mich App 571, 577; 686 NW2d 273 (2004) (citation omitted). In the present case, plaintiff's claim of intentional infliction of emotional distress arises out of altercations between plaintiff and defendant during 2012 while they were disputing ownership of the property on which the sign is placed, and plaintiff's complaint alleges that defendant intentionally engaged in extreme and outrageous conduct, including physical altercations, that caused plaintiff severe emotional distress. However, these claims do not allege conduct that is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *Id*. Instead, plaintiff's claims of impertinent comments and brief physical contact by defendant are better characterized as "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities," for which a claim for intentional infliction of emotional distress does not lie. *Doe v Mills*, 212 Mich App 73, 91; 536 NW2d 824 (1995). Because plaintiff's complaint does not allege conduct that was so extreme and outrageous as to permit recovery, plaintiff failed to state a claim for intentional infliction of emotional distress, *id*., and the trial court properly dismissed this claim pursuant to MCR 2.116(C)(8).

Finally, to establish fraudulent misrepresentation, a plaintiff must establish that (1) the defendant made a material representation; (2) the representation was false; (3) the defendant knew, or should have known, that the representation was false when he made it; (4) the defendant made the representation with the intent that the plaintiff rely on it; (5) and the plaintiff acted on the representation, incurring damages as a result. *Foreman v Foreman*, 266 Mich App 132, 141; 701 NW2d 167 (2005). In the present case, plaintiff's complaint alleges that defendant made misrepresentations regarding the ownership of the property to the police, with the intent that the police would rely on these misrepresentations and arrest plaintiff. Because plaintiff entirely failed to allege that defendant made a representation with the intention that plaintiff would act on it, plaintiff's claim of fraudulent misrepresentation fail as a matter of law, *id.*, and the trial court properly dismissed this claim pursuant to MCR 2.116(C)(8).

In sum, the trial court properly granted summary disposition as to most of plaintiff's claims, although the reasons for affirming are different than that on which the trial court relied. With respect to trespass, continual trespass and unjust enrichment, the trial court improperly granted summary disposition for defendant.

On appeal plaintiff also argues that the trial court improperly held that plaintiff did not possess the right to license the property because that right was granted to the ACRC. An examination of the plain language of the conveyance document reveals that it does not generally prohibit plaintiff from granting a license to another party with regard to the vision easement property. Indeed, under the plain language of the vision easement itself, plaintiff could grant an individual or business a license to erect or maintain an advertising sign on the easement as long as it did not interfere with the "vision purposes" for which the easement was granted. Plaintiff's rights to the property burdened by the easement "are subordinate only to the extent stated in the easement grant." *Blackhawk*, 473 Mich at 42.

The plain language of the restrictive covenant prohibits plaintiff from granting defendant a license to erect or maintain the sign on certain lands. However, pursuant to the plain language of the restrictive covenant, the restrictive covenant does not apply to the area encumbered by the vision easement. The restrictive covenant specifically applies by its language to plaintiff's "remaining lands" that are "immediately adjoining the lands herein conveyed" (the right of way easement and the vision easement) and that are "within a distance of three hundred feet from the new right of way line." There is no dispute that the sign is located on the portion of the property encompassed by the vision easement and not on land immediately adjacent to the land conveyed for the vision easement. Because defendant's sign is not within the property encompassed by the restrictive covenant, plaintiff was not restricted in granting defendant a license to maintain the sign. More importantly, contrary to the trial court's finding, nothing in the language of the restrictive covenant *or* the vision easement grants the ACRC the right to license any part of the property to defendant, or any other party.

Finally, on appeal, plaintiff argues that defendant lacks standing to invoke the language of the restrictive covenant as a defense; however, plaintiff has abandoned this issue by failing to provide any analysis in the text of his brief on appeal. *Gentris v State Farm Mut Auto Ins Co*, 297 Mich App 354, 366-367; 824 NW2d 609 (2012).

We affirm the trial court's order dismissing plaintiff's claims of negligence, gross negligence, conversion, nuisance, intentional infliction of emotional distress, and fraudulent misrepresentation pursuant to MCR 2.116(C)(8); reverse the trial court's order dismissing plaintiff's claims of trespass, continuing trespass, and unjust enrichment pursuant to MCR 2.116(C)(8) and (10); and remand the case to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Mark T. Boonstra